IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HATTIE YOUNG                                                                                      PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:19CV034-NBB-RP

BL DEVELOPMENT CORP.
D/B/A HARRAH'S CASINO TUNICA
AND VERANDA HOTEL                                                                             DEFENDANTS

**<u>ORDER DENYING MOTION TO DISMISS</u>**

Presently before the court is the defendant's motion to dismiss. The court held a hearing on the motion and heard supporting and opposing arguments from the parties on September 16, 2019. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

The plaintiff, Hattie Young, alleges she was injured on May 12, 2013, while a guest of Harrah's Casino and Veranda Hotel in Tunica County, Mississippi, a property owned by the defendant, BL Development Corporation. Prior to the plaintiff's filing suit, the defendant filed its Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois, and an automatic stay went into effect. The automatic stay was lifted on October 6, 2017, and replaced by an injunction order entered by the bankruptcy court which, pursuant to its own terms, had the same effect as the automatic stay, stating in pertinent part:

> all Entities who have held, hold, or may hold Claims . . . are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, any or all of the Debtors . . . (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with the respect to any such Claims or Interests. . . .

The bankruptcy court entered an order modifying this injunction on January 28, 2019, allowing the plaintiff to bring the present action within thirty days of the date of the

order. Accordingly, the plaintiff filed her complaint for negligence against the defendant on February 20, 2019.

The parties agree that Mississippi's three-year statute of limitations applies to the plaintiff's negligence claim. *See* Miss. Code Ann. § 15-1-49. Had the defendant not filed its bankruptcy petition, the limitations period applicable to the plaintiff's claim would have expired on May 12, 2016. The automatic stay triggered by the bankruptcy filing, however, prevented the plaintiff from initiating litigation. *See* 11 U.S.C. § 362. The bankruptcy code provides, with respect to potential claims against debtors, that

> if . . . a period for commencing [] a civil action [against the debtor] has not expired before the date of the filing of the petition, then such period does not expire until the later of – (1) the end of such period, including any suspension of such period . . . or (2) 30 days after notice of the termination or expiration of the stay under section 362. . . .

11 U.S.C. § 108(c).

The defendant argues that because the applicable limitations period would have run during the pendency of the automatic stay, the plaintiff was required to file the present action within thirty days after the stay was lifted in accordance with 11 U.S.C. § 108(c)(2). In response, the plaintiff asserts that the statute of limitations was tolled not only during the automatic stay, but also during the period in which the bankruptcy court's subsequent injunction order was in effect because that injunction order, like the automatic stay, prohibited the plaintiff from filing a claim against the defendant. In support, the plaintiff notes that Section 108(c)(1) incorporates state tolling provisions. *See HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199 (5th Cir. 2018); *Rogers v. Corrosion Products, Inc.*, 42 F.3d 292 (5th Cir. 1995). The plaintiff points to Mississippi's tolling statute which provides:

2

> When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court . . . from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time…for the commencement of such action.

Miss. Code Ann. § 15-1-57.

The plaintiff asserts that because both the automatic stay and injunction order prohibited her from commencing her action, the three-year statute of limitations was tolled during that time pursuant to Mississippi's tolling statute, incorporated via Section 108(c) of the bankruptcy code. According to the plaintiff's argument, the period was tolled from January 15, 2015, the date on which the defendant filed its bankruptcy petition, until January 28, 2019, the date the bankruptcy court entered its order modifying the injunction order to allow the plaintiff to file suit against the defendant. If this court adopts this rationale, the plaintiff's complaint will be deemed timely filed.

The defendant contends, however, that the tolling provision found in Section 108, which incorporates state tolling law, does not apply to the injunction order at issue here because the injunction order was entered pursuant to 11 U.S.C. § 524, which is clearly excepted under Section 108. *See* U.S.C. § 108 (stating "[e]xcept as provided in section 524. . . ."); *see also In re WorldCom, Inc.*, 362 B.R. 96, 111 (S.D.N.Y. 2007) (finding that a statute of limitations was not tolled during the injunction period because Section 108 did not apply, as the injunction order was entered under Section 524, and because "[n]o state or federal statute relieved [the creditor] from commencing" the action). The defendant argues that even if the limitations period was tolled during the pendency of the automatic stay, which the defendant asserts is incorrect, once the automatic stay was lifted, the period once again began to run, despite the injunction order. According to the

3

defendant's calculations, the limitations period would have expired on February 2, 2019, and because the plaintiff did not file the instant action until February 20, 2019, her claim is untimely.

The court finds that, while the tolling provision found in Section 108 may not directly apply to the injunction order entered pursuant to Section 524, that does not mean that the limitations period was not tolled due to the injunction order. It is well-settled that federal courts refer to state law for tolling rules just as they do for statutes of limitation. *Wallace v. Keto*, 549 U.S. 384 (2007). In the present case, the parties agree that Mississippi's three-year statute of limitations applies. It then logically follows that Mississippi tolling provisions also apply. The broad language of the tolling provision cited by the plaintiff, Miss. Code Ann. § 15-1-57, undoubtedly applies under the circumstances of this case. It cannot be legitimately disputed that the automatic stay and injunction order at issue here prohibited and enjoined the plaintiff from commencing her action against the defendant. Though, as the defendant argues, the plaintiff could have petitioned the bankruptcy court for relief from the stay or order, the applicable tolling provision requires no such action. *See Trustmark Nat'l Bank v. Pike County Nat'l Bank*, 716 So. 2d 618 (Miss. 1998). Moreover, the plaintiff asserts she engaged in the bankruptcy court's required resolution procedure regarding her claim prior to filing suit. Only after this procedure failed to produce a resolution of the matter did the plaintiff petition the court for relief from the injunction order. The bankruptcy court granted the requested relief, and the plaintiff filed the instant action.

The court finds that the Mississippi tolling provision is applicable under the facts of this case. The result is that the limitations period was tolled during both the automatic

stay and the period covered by the injunction order.  Accordingly, the plaintiff's complaint was timely filed, and the defendant's motion to dismiss is not well taken and shall be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion to dismiss is hereby **DENIED**.

This, the 28th day of October, 2019.

                                          /s/ Neal Biggers
                                         NEAL B. BIGGERS, JR.
                                         UNITED STATES DISTRICT JUDGE