IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HATTIE YOUNG                                                                                    PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:19CV034-NBB-RP

BL DEVELOPMENT CORP.
D/B/A HARRAH'S CASINO TUNICA
AND VERANDA HOTEL                                                                             DEFENDANTS

## **ORDER**

Presently before the court is the defendant BL Development's Motion to Certify Court's Order of October 28, 2019, for Interlocutory Appeal. Upon due consideration, the court finds that the motion is well taken and should be granted.

The court denied the defendant's motion to dismiss this action on October 28, 2019, rejecting the defendant's argument that this lawsuit is barred by the statute of limitations. The legal issue in this matter involved the interplay between Mississippi's tolling statute, Miss. Code Ann. § 15-1-57, the bankruptcy automatic stay imposed by 11 U.S.C. § 362(a)(1), and the bankruptcy plan injunction imposed under 11 U.S.C. § 524. This court held that Mississippi's broad tolling provision applies in this case, resulting in a tolling of the limitations period during both the automatic stay and the period covered by the bankruptcy court's injunction order.

The court's order denying the motion to dismiss is not a final appealable order; however, 28 U.S.C. § 1292(b) permits a district court to certify an order for interlocutory appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The court finds these conditions met in this case.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's Motion to Certify Court's Order of October 28, 2019, for Interlocutory Appeal is **GRANTED**, and the issue presented in the defendant's motion is hereby certified for interlocutory appeal. The court further finds that this case should be **STAYED** pending resolution of the interlocutory appeal.

This, the 13th day of January, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE