IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HATTIE YOUNG                                                                                       PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:19CV034-NBB-RP

BL DEVELOPMENT CORP.
D/B/A HARRAH'S CASINO TUNICA
AND VERANDA HOTEL                                                                           DEFENDANT

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant's Motion for Summary Judgment as well as the plaintiff's Motion to Exclude Testimony of Monica Fuess and Motion for Adverse Inference Based upon Spoliation of Evidence. Upon due consideration of the motions, responses, exhibits, and applicable authority, the court is ready to rule.

<u>Factual Background and Procedural Posture</u>

On May 12, 2013, the plaintiff, Hattie Young, and her husband were guests at the Veranda Hotel on the premises of Harrah's Casino in Robinsonville, Mississippi. At some point during her stay, the plaintiff attempted to take a shower. She alleges that a rubber mat was located on the floor of the tub beneath the shower and was located there when she first arrived to her guest room. She asserts that she placed one foot in the tub without incident, but as she placed her second foot in, the mat slid, causing her to fall and sustain injuries. She alleges she examined the mat after her fall and noticed it had suction cups on the bottom. She found no defect in the mat and testified that she does not know why the mat slid except for the alleged fact that it was apparently not affixed to the floor of the tub which, she surmises, allowed it to slip. The plaintiff stated that there was no way to look at the mat and know that it was going to slip. It

is undisputed that the mat itself was in good condition and not defective. It is also undisputed that the plaintiff was a business invitee of the defendant at all relevant times.

After the plaintiff's incident but prior to her filing suit, the defendant filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois, and an automatic stay went into effect. The automatic stay was lifted on October 6, 2017, and replaced by an injunction order entered by the bankruptcy court which, pursuant to its own terms, had the same effect as the automatic stay. The bankruptcy court entered an order modifying this injunction on January 28, 2019, allowing the plaintiff to bring the present action within thirty days of the date of the order. Accordingly, the plaintiff filed her complaint for negligence against the defendant in this court on February 20, 2019, invoking the court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and alleging that the defendant's negligence caused the injuries she sustained as a result of her fall.

The defendant moved to dismiss arguing that the plaintiff was required to file her complaint within thirty days after the automatic stay was lifted and asserting that the plaintiff therefore filed outside the applicable statute of limitations. This court disagreed and denied the motion to dismiss but granted the defendant's motion to certify the issue for interlocutory appeal. The Fifth Circuit Court of Appeals, however, declined to hear the interlocutory appeal. The defendant then moved for summary judgment, and the plaintiff moved to exclude the testimony of one of the defendant's witnesses and moved for an adverse inference based on alleged spoliation of evidence on the part of the defendant. The court will now address these motions.

*Plaintiff's Motion to Exclude Testimony of Monica Fuess*

The plaintiff moves to exclude the testimony of Monica Fuess, a former executive housekeeper and hotel manager at the defendant's property, the Veranda Hotel, where the

plaintiff was allegedly injured. Fuess did not work at the Veranda Hotel or oversee housekeeping operations there for a period of four years, from 2011 to 2015, surrounding the plaintiff's May 12, 2013, incident. Fuess repeatedly testified that she had no personal knowledge of the plaintiff's incident, nor could she provide any details specific to the incident. Fuess has no knowledge regarding the specific room number, the identity of the room attendant, the identity of the room inspector, the condition of the room at the time of the incident, the condition of the room before or after the incident, or the cause of the plaintiff's fall. In fact, Fuess was unaware of the May 2013 incident until one month before her May 2020 deposition.

The defendant seeks to admit Fuess's testimony pursuant to Federal Rule of Evidence 406, which permits a witness to testify about an organization's routine practices for the purpose of showing that it acted in conformity with those practices on a particular occasion. Fuess stated she had been named as a witness for "her understanding of the cleaning process of the housekeeping at the Veranda Hotel at the time when the thing happened." The defendant argues for admission of Fuess's testimony because she was manager of the hotel until 2011; because the Veranda Hotel allegedly had the same housekeeping practices as the hotel she managed in 2013, as both hotels were owned by subsidiaries of the same company and subject to the same union and its "very strict" operational procedures; because she was familiar with the housekeeping procedures at both properties, as they were discussed at joint meetings; and because the procedures relevant to the handling of bathmats allegedly did not change during the time she worked at the other hotel. The defendant also argues that the threshold for admitting such evidence under Rules 406 and 602 is "fairly low." Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

3

In the present case, Fuess has acknowledged she has no personal knowledge of the incident in question but makes conclusory and nonspecific statements that the housekeeping and inspection procedures were the same for all hotels owned by Caesar's, which included the Veranda Hotel at the time of the plaintiff's incident. Fuess's testimony regarding housekeeping procedures at the Veranda Hotel is based upon the hotel being a union property and Fuess's conclusory assertion that the housekeeping procedures at all properties covered by the union are the same. Though Fuess attended union housekeeping meetings every few months, she has no specific recollection of housekeeping meetings taking place with the Veranda Hotel staff during 2013, the year of the plaintiff's incident, and can only testify as to managerial meetings for the property where she worked.

The defendant did not designate Fuess as an expert witness. Federal Rule of Evidence 701 allows for a lay witness to offer testimony in the form of an opinion if the opinion is "rationally based on the witness's perception" and is "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701. The testimony must "not [be] based on scientific, technical, or other specialized knowledge within the scope of Rule 702," the rule regarding expert testimony. *Id.*

The court finds that Fuess's alleged knowledge of the practices and procedures at the Veranda Hotel in 2013, where she was not working at the time, based on her broad assertion that the practices and procedures were consistent in all the hotels within the same union is not rationally based on the witness's perception and is too speculative to satisfy the requirements of Rule 701 or Rules 406 or 602. The court further finds that knowledge of hotel housekeeping and inspection practices is specialized knowledge, as members of the public are not familiar with the particular standards of the industry. The defendant should have designated Fuess as an expert

4

witness under Rule 702 or should have named a lay witness who was working at the Veranda Hotel in 2013 at the time of the plaintiff's incident and who had personal knowledge of the practices and procedures of that specific hotel, in other words, knowledge that was "direct and particularized." *See DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 686 (5th Cir. 2003). The plaintiff's motion to exclude the testimony of Monica Fuess is well taken and should be granted.

***Plaintiff's Motion for an Adverse Inference Based upon Spoliation of Evidence***

The plaintiff moves for an adverse inference based upon spoliation of evidence in regard to the Veranda Hotel's housekeeping records, particularly a housekeeping room inspection checklist and computer file, that was generated on or about May 12, 2013. "An adverse inference based on the destruction of potential evidence is predicated on the 'bad conduct' of the defendant." *King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003) (citing *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000)). A party may therefore obtain an adverse inference instruction due to spoliation of evidence only when the party proves that the destroyer of evidence acted in bad faith and for the purpose of hiding adverse evidence. *King*, 337 F.3d at 556. The plaintiff has offered no proof, however, that the defendant acted in bad faith.

The defendant offers a reasonable explanation for its inability to provide the requested evidence – that the documentation was lost in or before 2015 when the casino and hotel closed its doors permanently. On the date of the subject incident, the Veranda Hotel had in place a procedure requiring the housekeeping supervisor to check a room for cleanliness and proper set-up after a guest checked out and after the room was cleaned by the housekeeping staff. The supervisor allegedly inspected the room and then punched a code into the telephone that went into the computer system, allowing the front desk to know that the room was vacant, clean, inspected, and ready for the next guest. According to Monica Fuess, the defendant's lay witness

5

regarding hotel housekeeping procedures whose testimony the plaintiff successfully moved to exclude, in addition to the code being punched into the computer system via telephone, the housekeeping inspector would have checked the room off as clean and vacant on a sheet of paper. Because this sheet of paper and the computer file which may have stored the code are unavailable, the plaintiff moves for an adverse inference based on spoliation of evidence. The court finds, however, that as the property closed in 2015 and the plaintiff did not file the present lawsuit until 2019, it is too speculative to assume, without actual evidence to the contrary, that the documentation was collected and preserved in anticipation of litigation, then destroyed in bad faith. It seems far more likely that the documentation was never preserved in the first instance or was innocently lost.

Without a showing of bad faith on the part of the defendant, the plaintiff has not met her burden to establish she is entitled to an adverse inference based on spoliation of evidence. The court therefore finds that the plaintiff's motion is not well taken and should be denied.

***Defendant's Motion for Summary Judgment***

Standard of Review

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322,

1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Analysis

As mentioned, it is undisputed that the plaintiff was a business invitee at all times relevant to this lawsuit. Under Mississippi law, "[t]he owner or operator of a business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition and, if the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn the invitee of such condition." *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss. 1988). It is, however, axiomatic that "the operator of a business is not an insurer against all injuries." *Jacox v. Circus Circus Miss., Inc.*, 908 So. 2d 181, 184 (Miss. Ct. App. 2005) (citing *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)). Indeed, "[t]hat the proprietor of a … place of business is not an insurer of the safety of persons who come upon the business premises is a principle of law of negligence so familiar and so well established as to obviate the necessity of citing supporting authority." *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966). "Proof merely of the occurrence of a fall on a floor within a business is insufficient to show negligence on the part of the proprietor … and the doctrine of res ipsa loquitur is inapplicable in cases of this kind." *Tisdale*, 185 So. 2d at 917. "Strict liability is not imposed on business owners in premises liability cases." *Stanley v. Boyd Tunica, Inc.*, 29 So. 3d 95, 97 (Miss. Ct. App. 2010).

To establish the business owner or operator's negligence, the plaintiff must show either (1) that the owner or operator caused the unreasonably dangerous condition or (2) in the event the dangerous condition was caused by a third party unconnected to the business operation, that

7

the owner or operator had either actual or constructive knowledge of said dangerous condition. *Id.* (citing *Munford*, 597 So. 2d at 1284; *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986)). A "property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists." *Delmont v. Harrison County Sch. Dist.*, 944 So. 2d 131, 133 (Miss. Ct. App. 2006).

It is undisputed in this case that the rubber bath mat was in good condition and not defective. In *Stanley v. Boyd Tunica, Inc.*, the Mississippi Court of Appeals affirmed the trial court's grant of summary judgment finding that a non-defective rubber mat that twists or slips and causes a person to fall is not a dangerous condition and cannot be the basis for premises liability. *Stanley*, 29 So. 3d at 98. The plaintiff attempts to distinguish *Stanley* on the basis that the defendant there was not in exclusive control of the shower mat, as the plaintiff's wife had taken a shower without incident just prior to the plaintiff's fall. In the present case, the plaintiff was the first to shower. As the defendant correctly notes, however, the *Stanley* court examined that fact within the context of the plaintiff's res ipsa loquitur argument. Exclusive control of the instrumentality causing damages is a required element of a res ipsa loquitur theory. *Coleman v. Rice*, 706 So. 2d 696, 698 (Miss. 1997). "The doctrine of res ipsa loquitur is inapplicable in cases of this kind," however; thus, the plaintiff's argument regarding the defendant's exclusive control of the premises is misplaced. *Tisdale*, 185 So. 2d at 917.

As in *Stanley*, the plaintiff here has presented no evidence to support her allegations of the defendant's negligence. The plaintiff has offered no proof as to why the mat slipped other than her conclusory allegation and speculation that it slipped because it was not affixed to the bottom of the bathtub. Further, she testified that there was no way to look at the mat and know it was going to slip. As the defendant succinctly states, "In short, this case involves a rubber mat

8

in the bottom of a hotel bathtub. Sometimes they slip. Is the hotel liable every time a mat slips? Certainly not – there is no strict liability." [Doc. 77].

## Conclusion

Taking all evidence in the light most favorable to the plaintiff, the court finds no genuine issue of material fact in dispute in this case. Accordingly, the defendant's motion for summary judgment is well taken and should be granted. A separate order in accordance with this opinion shall issue this day.

This 25th day of September, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE